UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN CHIGOS,

    Plaintiff,

v.

CASE NO.: 8:12-cv-01350-EAK-AEP

WERNER CO. (DE), a foreign corporation,
and OLD LADDER CO., a foreign corporation,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO TRANSFER VENUE

This cause is before the Court on Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. 35) and Plaintiff's Response in Opposition (Doc. 37). For the reasons set forth below, Defendant's motion is **DENIED**.

### PROCEDURAL HISTORY

Plaintiff, John Chigos ("Chigos"), initially filed the Complaint (Doc. 2) on May 9, 2012, in the Sixth Judicial Circuit in and for Pinellas County, Florida. On June 18, 2012, Defendant, Werner Co. ("Werner"), removed the case to the Middle District of Florida. Werner filed its Answer and Affirmative Defenses (Doc. 4) and Counterclaim (Doc. 5) on June 20, 2012. Defendant filed its Motion to Change Venue (Doc. 35) on Mar. 27, 2013. Plaintiff filed the Motion in Opposition (Doc. 37) on Apr. 10, 2013.

### STATEMENT OF THE FACTS

The following facts are submitted by the parties in support and/or opposition to Defendant's Motion to Transfer Venue. The court recognizes these as "facts" only in regard to resolution of the pending motion.

1

Plaintiff alleges injury from a defective ladder manufactured by Old Ladder, a company that went into bankruptcy on Apr. 24, 2007. The company's assets and liabilities were settled in the Bankruptcy Court for the District of Delaware. Werner is a Delaware corporation that, pursuant to the Asset Purchase Agreement dated Mar. 20, 2007, obtained the assets of Old Ladder and assumed only the obligations set forth in the bankruptcy documents. The Bankruptcy Court issued an order addressing the asset purchase and resolved Old Ladder's bankruptcy proceedings.

Prior to its withdrawal, Werner retained counsel and defended American Industrial Equipment ("AIE"), the retail store that sold Chigos the ladder, in State court. After Werner abadoned the defense, AIE and Chigos settled the products liability claim for $2.5 million. As part of the settlment, AIE assigned its rights to common law and contractual indemnification against Werner to Chigos, who brings this action for indemnificiation as the assignee of AIE.

In its Motion to Transfer Venue, Defendant asserts the claim should be transferred to the Bankruptcy Court for the District of Delaware because the claim relies on the interpretation of the Asset Purchase Agreement and the Assignment and Assumption Agreement approved by the Bankruptcy Court. Pursuant to the Bankruptcy Court's order, it retains jurisdiction to:

> Interpret, implement and enforce the terms and provisions of this order . . . and the terms of the Purchase agreement, all amendments thereto and any waivers and consents thereunder.

Doc. 35-2 ¶ 57. Defendant's request to transfer venue rests on the theory that the indemnification claim arises out of the Asset Purchase Agreement and the Assignment and Assumption Agreement approved by the Bankruptcy Court.

In opposition to Defendant's Motion to Transfer Venue, Plaintiff urges this Court to give greater weight to the initial choice of forum. Plaintiff also contends that the Court should decline the motion because the events surrounding the case in substantial part occurred in the Middle District of Florida. Plaintiff looks to the location where the ladder was sold and Chigos injured, where Chigos received initial medical care and treatment, and where witnesses reside and Chigos' counsel is licensed to practice law.

## DISCUSSION

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), the statutory codification of the common law doctrine of *forum non conveniens*. The section states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The standard for transfer under § 1404(a) leaves much to the broad discretion of the trial court. *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737 (1st Cir. 1977), *cert. denied*, 434 U.S. 860, 98 S. Ct. 185. The court must "strike a balance on convenience between those elements which weigh in favor of transferring . . . and those which favor allowing plaintiff's choice of forum to stand undisturbed." *R.E.F. Golf Co. v. Roberts Metals, Inc.*, No. 92–577–CIV–T–17A, 1992 WL 161041, at *1 (M.D. Fla., June 29, 1992) (quoting *Umbriac v. Amer. Snacks, Inc.*, 388 F. Supp. 265, 269 (E.D. Pa. 1975)). When considering a motion to transfer venue, the Middle District of Florida has stated that the following seven factors must be considered:

> Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of

> compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive.

*Sterling v. Provident Life and Accident Ins. Co.*, 519 F. Supp. 2d 1195, 1204 (2007). The petitioner has the burden of pursuading the trial court that the transfer should be granted. *Pilkington v. United Airlines, Inc.*, 855 F. Supp. 1248, 1249–50 (M.D. Fla. 1994). In order to overcome the presumption in favor of the Plaintiff's choice of forum, the movant must show the balance of convenience is "strongly in favor" of the transfer. *Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 932 F. Supp. 281 (M.D. Fla. 1996).

Pursuant to the Asset and Purchase Agreement and the Assignment and Assumption Agreement approved by the Bankruptcy Court, Defendant indicates this Court should transfer this case to the bankruptcy court of Delaware. In establishing the presumption that this case relates to the bankruptcy proceedings, such that venue is proper in the bankruptcy court of Delaware, this Court must consider whether the outcome of this action could have an effect on an estate being administered in bankruptcy. *In re Lemco Gypsum, Inc.*, 910 F.2d 784 (11th Cir. 1990) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984)). Plaintiff contends this matter is not sufficiently related to the bankruptcy proceedings because the bankrupt entity, Old Ladder, no longer exists.

In its motion in opposition, Plaintiff indicates venue should not be transferred because the Defendant has not met its burden of establishing that the transfer would strike a balance between the convenience of the parties and the

interests of justice and Plaintiff would bear a significant burden for the foregoing reasons. The ladder was sold and the injury occurred in the Middle District of Florida. Plaintiff received medical treatment in Florida, and that is where all Plaintiff's witnesses reside. Plaintiff indicates his Jacksonville-based doctors would be subject to service of process requirements for trial if it were to take place in the Middle District of Florida, but that these doctors would not be subject to compulsory process in the bankruptcy court. Plaintiff would also need to seek additional counsel, as its currently retained counsel is not licensed to practice law in Delaware. Plaintiff would undoubtedly incur a substantial burden if this case were transferred to the bankruptcy court.

Notably, Defendant's motion focuses on whether venue is proper in the Bankruptcy Court for the District of Delaware, but does not address the balancing factors. Defendant's sole basis for its argument rests on the language in the bankruptcy documents that indicate the bankruptcy court retains jurisdiction. Because the Court finds the Defendant has not met its burden of persuading the Court its motion should be granted, and in light of the burden to the Plaintiff that would result if the action were transferred to the Bankruptcy Court for the District of Delaware, Defendant's motion is **DENIED**. Accordingly, it is **ORDERED** that the Motion to Transfer Venue (Doc. 35) be **DENIED**.

**DONE** and **ORDERED** in chambers, in Tampa, Florida, this 12th day of June 2013.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All Parties and Counsel of Record